ELECTRONICALLY FILED
Miller County Circuit Court
Mary Pankey, Circuit Clerk
2016-Oct-04 11:27:43
46CV-16-295
C08SD01 : 7 Pages

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
### _____DIVISION

**COREY JOHNSTON**                                                    **PLAINTIFF**

**vs.**                          **Case No. _____**

**PROGRESSIVE ENVIRONMENTAL SERVICES, INC.**
**and JARED STANLEY**                              **DEFENDANTS**

### COMPLAINT

#### I.    Introduction

1.    This is an injury case arising from a wreck in Texarkana, Miller County, Arkansas, on May 19, 2016.

#### II.    Parties

2.    Corey Johnston (hereinafter "Johnston") is a citizen of Arkansas.

3.    Progressive Environmental Services, Inc. (hereinafter "Progressive") is a corporation organized by Delaware with its principal place of business in Florida.  Per the records of the Arkansas Secretary of State, this defendant's registered agent is National Registered Agents Inc., 124 W. Capitol Ave., Ste. 1900, Little Rock, AR 72201.

4.    Jared Stanley (hereinafter "Stanley") is, by information and belief, a citizen of Texas.  Per the Arkansas Motor Vehicle Crash Report for the wreck described herein, this defendant's address is 11300 U.S Highway 271 #357, Tyler, TX 75701.

#### III.    Jurisdiction & Venue

5.    Jurisdiction is proper under Ark. Code Ann. § 16-13-201(a) and the Arkansas Constitution, Amendment 80, § 6(A), each of which state that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas

1

Constitution.   This is a justiciable matter not otherwise assigned pursuant to the Arkansas Constitution.

6.     Venue is proper under Ark. Code Ann. § 16-13-101(a), which states that a civil action not otherwise assigned, as here, may be brought in the county in which a substantial part of the event or omission giving rise to the cause of action occurred.   A substantial part of the event giving rise to the cause of action herein occurred in Miller County.

### IV.   Facts

7.     On Thursday, May 19, 2016, at around 4:07 p.m., Stanley was driving a Mack truck, pulling a loaded dumpster, eastbound in the right lane of Interstate 30 in Texarkana, Texas.

8.     The Mack truck and dumpster driven by Stanley had a gross vehicle weight rating of more than 26,000 pounds.

9.     It was raining, and the road was wet.

10.     Traffic slowed in the right lane.

11.     To avoid striking vehicles in front of him, Stanley abruptly steered the Mack truck to the left, causing it to swerve into the left lane and onto the left shoulder.

12.     Stanley aggressively applied the brakes to the Mack truck, even though the traffic in the left lane had not slowed like the traffic in the right lane, and caused the Mack truck to abruptly slow.

13.     Craig Mosier, a nonparty herein, was driving a Chevrolet Tahoe sport utility vehicle (SUV) eastbound in the left lane of Interstate 30, with his pregnant wife and three-year-old son as passengers, when Stanley's Mack truck abruptly swerved in front of Mosier and abruptly slowed.

14.     To avoid striking the dumpster being pulled by Stanley's Mack truck, Mosier steered his Tahoe to the right and positioned the Tahoe between two large trucks, one being Stanley's Mack truck on Mosier's left and the other being a large truck on Mosier's right.

15.     Johnston was driving a Ford F-150 pickup truck eastbound on Interstate 30 behind the above-described Mack truck and Tahoe.

16.     After Stanley abruptly swerved his Mack truck into the left lane and shoulder and aggressively applied his brakes, and after Mosier then steered his Tahoe to the right to avoid striking the dumpster being pulled by the Mack truck, Johnston's Ford pickup truck struck the back of the dumpster.

17.     Johnston applied the brakes of his Ford pickup truck but was unable to avoid the collision with the dumpster.

18.     The collision peeled away the top of Johnston's pickup truck, created violent force against Johnston, and caused the injuries and damages to Johnston described herein.

### V.     Count One: Negligence of Stanley

19.     All allegations herein are incorporated in this count.

20.     Stanley had a duty to use ordinary care and to otherwise not act negligently in the operation of the Mack truck.

21.     Stanley acted negligently in the operation of the Mack truck in the following particulars:

(1)     Driving or operating a vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas. Ark. Code Ann. § 27-51-104(a).

(2)     Making improper or unsafe lane changes on public roadways. Ark. Code Ann. § 27-51-104(b)(1).

3

(3)     Driving in such a manner or at such a speed so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle.  Ark. Code Ann. § 27-51-104(b)(3).

(4)     Operating a vehicle in such a manner which would cause a failure to maintain control.  Ark. Code Ann. § 27-51-104(b)(6).

(5)     Operating a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.  Ark. Code Ann. § 27-51-104(b)(8).

(6)     Failing to keep a lookout for other vehicles on the highway.  AMI 901(A).

(7)     Failing to keep his vehicle under control, including such control as to be able to check its speed or stop it, if necessary, to avoid damage to himself or others.  AMI 901(B).

(8)     Failing to drive at a speed no greater than is reasonable and prudent under the circumstances, having due regard for any actual or potential hazards.  AMI 901(C).

(9)     Violating statutes, ordinances, or regulations governing driving.  AMI 903.

(10)    Otherwise failing to use ordinary care.

22.     Stanley's negligent acts and omissions were an actual and proximate cause of the wreck and of the injuries and damages to Johnston discussed herein.

## VI.    Count Two: Vicarious Liability of Progressive

23.     All allegations herein are incorporated in this count.

24.     At the time of the wreck, Stanley was an employee or agent of Progressive.

25.     At the time of the wreck, Stanley was acting within the course and scope of his employment or agency for Progressive.

26.     Stanley's negligent acts and omissions are charged to Progressive, and Progressive is vicariously liable for Stanley's negligent acts and omissions.

## VII.    Count Three: Direct Negligence of Progressive

27.    All allegations herein are incorporated in this count.

28.    In addition to being vicariously liable for the negligent acts and omissions of Stanley, Progressive is directly liable for its own negligent acts and omissions.

29.    The Mack truck driven by Stanley was owned and maintained by Progressive.

30.    The Mack truck driven by Stanley was operated under a U.S. Department of Transportation number assigned to Progressive.

31.    The Mack truck driven by Stanley was a commercial motor vehicle engaged in interstate commerce under the definitions of "commercial motor vehicle" found in the Federal Motor Carrier Safety Regulations ("FMVSR") at both 49 CFR § 383.5 and 49 CFR § 390.5.

32.    Progressive had a duty to be knowledgeable of and comply with all state and federal laws and regulations, including but not limited to the FMCSR, governing commercial motor vehicles and to require observance by Stanley of those laws and regulations, in addition to its duty to otherwise use ordinary care.

33.    Progressive acted negligently in the following particulars:

(1)    Failing to adequately test and certify to ensure that Stanley was capable of safely operating and controlling and braking the Mack truck and associated equipment that Progressive intended to assign to Stanley.

(2)    Failing to adequately inquire into Stanley's driving record, safety performance history, and employment record to ensure that he was a safe driver of the Mack truck.

(3)    Failing to properly train Stanley in the safe operation of the Mack truck.

(4)    Failing to monitor and evaluate Mansour's job performance in the safe operation of the Mack truck.

(5)    Failing to use ordinary care in hiring, training, supervising, and retaining Stanley.

(6)    Otherwise failing to use ordinary care or to comply with all state and federal laws and regulations, including but not limited to the FMCSR.

5

34.     The negligent acts and omissions of Progressive were an actual and proximate cause of the wreck described herein and of Johnston's injuries and damages described herein.

## VIII:   Damages

35.     Johnston sustained serious injuries caused by the defendants' negligent acts and omissions, including without limitation:

    (1)     Brain bleeding, bruising, and swelling.

    (2)     Fractured neck.

    (3)     Fractured jaw.

    (4)     Laceration of the throat.

    (5)     Laceration of the head.

    (6)     Metal fragments imbedded in the forehead, neck, left arm, and other body parts.

    (7)     Other trauma to the head and body.

36.     Johnston sustained and is entitled to recover compensation for these damages, past and future:

    (1)     Injuries.

    (2)     Medical expenses.

    (3)     Pain, suffering, and mental anguish.

    (4)     Earnings, profits, salary and working time lost.

    (5)     Loss of ability to earn.

    (6)     Scars, disfigurement and visible results of injuries; and

    (7)     All other damages allowed by law.

6

37.     The defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct described herein would naturally and probably result in injury and damage, and they continued such conduct in reckless disregard of the consequences, from which malice may be inferred and for which punitive damages should be imposed to punish the defendants and to deter them and others from similar conduct.

## IX.     Jury Trial

38.     Johnston requests a jury trial.

WHEREFORE, Johnston prays for judgment, in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, against the defendants for all damages suffered, punitive damages, costs, interest, attorney fees, and all other just relief to which he is entitled.

Respectfully Submitted,

Will Bond, AR Bar #95145
Email:  will@mcmathlaw.com
Neil Chamberlin, AR Bar #93222
Email:  neil@mcmathlaw.com
MCMATH WOODS, P.A.
711 West Third Street
Little Rock, AR 72201
Telephone:  (501) 396-5400
Facsimile:  (501) 374-5118

By:  _____
        Neil Chamberlin

*Attorneys for Corey Johnston*

7