IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COREY JOHNSTON                                                         PLAINTIFF


v.                              Civil No. 4:16-cv-04111

PROGRESSIVE ENVRIONMENTAL SERVICES
INC and JARED STANLEY                                              DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion for Protective Order.  ECF No. 15.  Plaintiff

responded and objected.  ECF No. 16.  The Motion was referred to the undersigned for

disposition.  Since the filing of the Motion, this Court has been notified by the parties that they

have reached an agreement on an Agreed Protective Order. A copy of the Agreed Protective

Order is attached hereto as Exhibit A.  Accordingly, this Court recommends the Agreed

Protective Order be granted.

ENTERED this **10th day of April 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COREY JOHNSTON                                                    PLAINTIFF

v.                                    NO. 4:16-cv-4111

PROGRESSIVE ENVIRONMENTAL SERVICES, INC.
and JARED STANLEY                                                DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1.      Documents produced by the defendants to which this Protective Order is applicable shall be stamped "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" on every page. Such documents shall include the following but no others: (1) the driver qualification file for Jared Stanley; and (2) the personnel file for Jared Stanley.

2.      The designation of "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" may be made by placing the notice on the document in a location that does not cover or mark over any textual material if possible.

1271663-v1                                    2

3.      It is agreed that material requested by any of the parties, and subject to this Protective Order, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

a.      Counsel for Plaintiff and counsel for the Defendants who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

b.      The parties to the litigation and their experts; and

c.      Any other individuals included by order of the Court or stipulation of the parties.

4.      The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information.  Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

5.      The defendants may designate as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" portions of any deposition transcript wherein confidential information or materials designated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" are identified, discussed, or disclosed.  Portions of a deposition transcript so designated will be subject to the terms of this Protective

Order.  The designation must be made by letter sent by facsimile or electronic mail to opposing counsel within twenty-one (21) business days after receipt of the transcript.  Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages and lines of the transcript that are designated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."  The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" must be treated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript.  All portions of the deposition transcript not designated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" by 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

6.     Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

7.     Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the

Court orders otherwise.  The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.  Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

8.    No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" without first having obtained permission from the Court to do so.

9.    The information and documentation covered under this Protective Order shall be used only for purposes of this litigation.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.  Unless the stipulation of the parties or order of the Court expressly states otherwise, this paragraph does not apply to individuals authorized to receive Confidential information and documents under Paragraph 3(c) of this Protective Order.

10.    The party or parties receiving Confidential material shall not under any circumstances sell, offer for sale, advertise for sale, or publicize for sale any of the Confidential material or any information contained therein.

11.     In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.  In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

12.     Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned to the party which produced the documents.

IT IS SO ORDERED on this _____ day of _____, 2017.


_____
Hon. Susan O. Hickey
United States District Judge


AGREED AS TO FORM:

McMATH WOODS P.A.
711 West Third Street
Little Rock, AR  72201
Telephone:  (501) 396-5400
Facsimile:  (501) 374-5118


By:     /s/ Neil Chamberlin
Neil Chamberlin, AR Bar #93222
Email:  neil@mcmathlaw.com

Will Bond, AR Bar #95145
Email:  will@mcmathlaw.com
*Attorneys for Plaintiff*

By: _____
Baxter D. Drennon (2010147)
Wright, Lindsey & Jennings, LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, AR  72201-3699

1271663-v1                              6

bdrennon@wlj.com
*Attorney for Defendants*